

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# USA v. Oppong

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Oppong" (2007). *2007 Decisions.* Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3310
_____

UNITED STATES OF AMERICA,

Appellee

v.

FELIX YAW OPPONG
A/K/A YAW OPPONG

Fellix Yaw Oppong,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No: 02-cr-00455)
District Judge: Honorable Mary L. Cooper
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and* DIAMOND, District Judge.

(Opinion Filed December 7, 2007)

_____

*Honorable Paul S. Diamond, District Judge for the United States District Court of the
Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Felix Oppong, defendant-appellant, was convicted after a jury trial of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine and conspiracy to export more than five kilograms of cocaine. Oppong's guideline range was 235 to 293 months and he was originally sentenced to 240 months. After United States v. Booker, 543 U.S. 220 (2005), the Third Circuit affirmed his conviction and remanded for resentencing, and the District Court imposed the same sentence. This appeal followed resentencing. Since this decision is written for the benefit of the parties, only the facts relevant to the resolution of the claims presented by Oppong are discussed below.[1]

## II.    DISCUSSION

### A.    Judge Found Facts

In his appeal, Oppong essentially argues that his sentence is unreasonable because the District Court judge found facts raising his guideline range from a maximum of 151

---

[1] The District Court had federal subject matter jurisdiction over this case under 18 U.S.C. § 3231. This court has jurisdiction to review the defendant's sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

months to a maximum of 293 months. This claim has no merit. Post Booker, the Third Circuit has held that district courts must find sentencing facts by a preponderance of the evidence, as they did prior to the decision in Booker. United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). The right to have facts decided by a jury – as opposed to the judge – does not extend to enhancements available under the sentencing guidelines. Booker, 543 U.S. at 233.

   B.   Enhancement for Managerial Role

At resentencing, the District Court judge incorporated her ruling from the original sentencing hearing on the two-point enhancement for supervisory or managerial role under U.S.S.G. § 3B1.1(c). In the original hearing, the District Court found that Oppong had begun his involvement with the drug conspiracy as a courier but that he had become an investor with Albert Kittoe, a purchaser from Ramon Ramos, and that he was instrumental in the recruitment of Ayreh Odoi. Because of Oppong's involvement in the conspiracy in roles other than merely as a courier, the District Court found that the two-point enhancement for his role was appropriate. Oppong's argument that this finding was clearly erroneous fails. In order to assign a two-point enhancement pursuant to U.S.S.G. § 3B1.1(c), the court need only find that the defendant be "an organizer, leader, manager, or supervisor in any criminal activity." Under Third Circuit precedent, "a manager or supervisor is one who exercises some degree of control over others involved in the offense." United States v. Chau, 293 F.3d 96, 103 (3d Cir. 2002) (quotations and alterations omitted); see also United States v. Fiorelli, 133 F.3d 218, 220 (3d Cir. 1998)

3

(finding that defendant "recruited and supervised" another person involved in the crime sufficient for enhancement pursuant to U.S.S.G. § 3B1.1). In this case, the District Court did not clearly err in applying the two-point enhancement, given its finding that Oppong recruited and managed Odoi's courier trips and acted as an investor and purchaser for the conspiracy.

      C.      <u>Reduction for Minor Role</u>

Oppong makes two claims with respect to his request for a downward adjustment for his minor participation in the conspiracy, pursuant to U.S.S.G. § 3B1.2(b). First, Oppong claims that the District Court erroneously failed to consider his request at all because it improperly considered the upward adjustment for managerial role, which it applied, and the downward adjustment for minor role to be mutually exclusive, citing United States v. Tsai, 954 F.2d 155, 167 (3d Cir. 1992). In Tsai, the Third Circuit remanded because the District Court had erroneously assumed that the enhancement in U.S.S.G. § 3B1.1 precluded consideration of a reduction in U.S.S.G. § 3B1.2. However, we have no indication here that the District Court considered the downward adjustment to have been precluded by the enhancement for managerial role. Rather, the court directly stated that it "den[ied] the 2 point downward mitigating role adjustment." (App. 4832.)

Oppong's second argument, that the District Court clearly erred by not applying the downward adjustment, also fails. The application notes for § 3B1.2(b) provide that the reduction for minor role "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." Oppong's

4

argument that he should have received the reduction because "most" of the evidence at trial showed that he acted as a courier on two occasions, a minor role, fails. The District Court credited testimony that Oppong had acted as an investor, buyer, and recruiter for the conspiracy. After the Court made these findings, the Court did not clearly err by denying the downward adjustment for minor role.

D.      Quantity of Cocaine

We have carefully reviewed Oppong's contention that the District Court clearly erred in its drug calculation and find it to be without merit. The Court properly held that Oppong is accountable for all quantities he was directly responsible for, as well as foreseeable quantities that were within the scope of the criminal activity that he jointly undertook.

E.      Perjury Enhancement

At Oppong's resentencing hearing, the District Court adopted her ruling from the original sentencing hearing with respect to the two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

The District Court found that Oppong gave false testimony under oath concerning a material matter with the willful intent to provide false testimony. The Court cited to United States v. Boggi, 74 F.3d 470 (3d Cir. 1996), for the proposition that flat denials concerning an issue that was the central focus of the trial assures the court that the defendant provided false testimony. Among other statements, Oppong denied ever taking a drug courier trip and denied recruiting Odoi. The District Court found Oppong's

testimony to "be an insult to the Court, both at the suppression hearing and during the trial." (App. 4858.) She found that the testimony was "a construct intentionally devised to attempt to fit a theory of innocence around incontrovertible documentary records." (Id.) Accordingly, she imposed the two-point adjustment based on obstruction of justice.

Oppong argues that the District Court clearly erred by finding that he committed perjury during his testimony because the jury could have believed that he withdrew from the conspiracy, but was wrong about the date. Oppong also argues that the District Court clearly erred by examining his testimony at the suppression hearing since Oppong was only testifying as to whether he had made the statements previously, not whether they were true.

The District Court did not clearly err by applying a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The District Court properly found his testimony to be perjury, worthy of a two-point upward adjustment. The District Court did not simply rely on the jury verdict but carefully considered Oppong's testimony at the suppression hearing and at trial to conclude that it was false.

F.    Post-Offense Rehabilitation Efforts

Lastly, Oppong argues that the District Court clearly erred by rejecting his motion for a downward departure based on his post-offense rehabilitation efforts. During resentencing, the District Court heard argument on the legal basis for Oppong's request for the downward departure. Oppong's counsel noted that the sentencing guidelines had been amended to prohibit the court from considering post-conviction rehabilitation after

6

Oppong's participation in the conspiracy. Oppong's counsel, citing to *ex post facto* concerns, asked the District Court to consider United States v. Sally, 116 F.3d 76 (3d Cir. 1997), in which the Third Circuit has previously recognized that a downward departure for post-offense rehabilitation efforts was proper.

Oppong's counsel argued that from the time that the government's evidence showed he withdrew from the conspiracy, in 1999, and the time that he was arrested, in 2002, he "engaged in lawful, legitimate, and positive personal conduct relating to education, employment, and family life." (App. 4914.) Counsel also added that since his incarceration, he has "maintained a very positive attitude, participated in various prison programs. . . on the education and vocational side, as well as. . . trying to be a positive role model." (App. 4914.)

The District Court found that the Sally case was applicable but denied Oppong relief under Sally, because he did not qualify for basic acceptance of responsibility under U.S.S.G. § 3E1.1. This court lacks jurisdiction to review this claim. The District Court recognized that it had the ability to depart but declined to do so under the facts of the case. Thus, "the District Court did precisely what we have encouraged district courts to do, i.e. indicate an awareness of the ability to depart, and that, therefore, under our well-established precedent, we lack jurisdiction to review the discretionary denial of the departure." United States v. Minutoli, 374 F.3d 236, 240 (3d Cir. 2004). Though Minutoli was decided before Booker, Booker does not change the analysis. According to United States v. Cooper, 437 F.3d 324, 332-33 (3d Cir. 2006), "[p]re- Booker, we

7

declined to review discretionary decisions to deny departure, unless for allegation of legal error" and "Booker does not compel us to reverse this precedent."

III.    **CONCLUSION**

In summary, all of Oppong's sentencing claims lack merit.  Accordingly, we will affirm the sentence imposed by the District Court.